IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA     *

    *

v.     *      **CRIMINAL NO. RDB-26-110**

    *

JAMES PHILLIP APPEL,     *

    *

Defendant.     *

    *

*******

## CONSENT MOTION TO TOLL SPEEDY TRIAL ACT CLOCK

The United States of America, by and through its counsel, hereby respectfully requests, pursuant to 18 U.S.C. § 3161(h)(7), an order excluding the time period between **March 30, 2026 and February 8, 2027**, in computing the time within which trial must commence, in accordance with 18 U.S.C. § 3161(c). In support thereof, the Government submits the following:

1. On March 26, 2026, a federal Grand Jury for the District of Maryland returned a six-count Indictment against the defendant James Phillip Appel, charging him with three counts of wire fraud, in violation of 18 U.S.C. § 1343; and three counts of money laundering, in violation of 18 U.S.C. § 1957. ECF No. 1. The counts arise from allegations that Appel embezzled funds from a political candidate and community association for whom he served as treasurer.

2. On March 30, 2026, Appel had his initial appearance and arraignment. ECF No. 8. The Honorable Erin Aslan, U.S. Magistrate Judge released Appel on conditions. ECF No. 11.

3. On March 31, 2026, the government moved to exclude the period March 30, 2026 through June 29, 2029 from the Speedy Trial Act clock. The defendant consented to this motion. The Court granted it on April 1, 2026.

4.      On April 17, 2026, the government made its first discovery production. This production was voluminous, consisting of bank records, financial documents, and other materials consisting of over 20,00 bates-stamped pages.

5.      On April 30, 2026, the government made its second discovery production. This production consisted of body worn camera footage and two Apple iCloud search warrant returns.

6.      On May 11, 2026, the Court entered a scheduling order in this matter. That order set February 8, 2027 as the start date for a week-long trial.

7.      In the interim, government counsel and defense counsel have conducted discussions about possible plea offers to resolve this case before trial. Those discussions are ongoing.

8.      In order to allow time for the continued review of voluminous discovery materials, and discussions for possible resolution of this matter before trial, the government requests tolling the Speedy Trial Act clock, in the interests of justice, between **March 30, 2026 and February 8, 2027**. Defense counsel has advised government counsel that he consents to tolling the Speedy Trial Act clock through the scheduled trial date.

9.      In accordance with the Speedy Trial Act, 18 U.S.C. § 3161(c), the trial of a defendant charged in an information or indictment shall commence within seventy days from the filing date of the information or indictment, or from the date the defendant appeared before a judicial officer, whichever date last occurs.

10.     18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance

on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

11.     In light of the foregoing, the government submits, pursuant to 18 U.S.C. § 3161(h)(7)(A), that tolling of the Speedy Trial Act clock is appropriate under the circumstances. A reasonable exclusion of time is in the interests of justice for purposes of providing time for the production and review of discovery in this matter, and the evaluation and discussion of the potential for pretrial resolution or other litigation.

12.     For the foregoing reasons, the ends of justice will be served by excluding the time period between **March 30, 2026 and February 8, 2027**, in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendant in a speedy trial.

13.     A proposed order is submitted herewith.

**WHEREFORE**, the government respectfully requests that the Court exclude the time period between **March 30, 2026 and February 8, 2027**, under the Speedy Trial Act, in conformance with the draft order that is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____/s/_____

Joseph Wenner
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system.

_____/s/_____

Joseph Wenner
Assistant United States Attorney

4